IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 02 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-00352-BNB

MALVERN WYATT TANNEHILL,

    Plaintiff,

v.

PROTECTO WRAP COMPANY, ET AL., AND ITS AGENTS,
SCOTT FORD,
KAREN GRISWOLD,
DOUG HOLMQUIST,
ANTHONY RUYBAL,
MIGUEL VIRGEN, and
IVAN MARTINEZ,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Malvern Wyatt Tannehill, was incarcerated at the Denver County Jail when he initiated this action by filing *pro se* a Prisoner Complaint. Mr. Tannehill has filed a notice of change of address stating that he no longer is incarcerated at the Denver County Jail, but it is not clear whether he has been released from custody. The court must construe the Prisoner Complaint liberally because Mr. Tannehill is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Tannehill must file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and has determined that the Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Tannehill's claims in the instant action arise out of allegations that he was subjected to a hostile work environment and unlawfully terminated from his employment because of his race. The named Defendants include the company that employed Mr. Tannehill as well as a number of officers, supervisors, or employees of that company. Although Mr. Tannehill does not allege specifically that he has filed an administrative

claim with the Equal Employment Opportunity Commission (EEOC) or that he has received a notice of right to sue from that agency, he does refer in the Prisoner Complaint to the fact that he has a file with the EEOC. Therefore, construing the Prisoner Complaint liberally, it appears that Mr. Tannehill's claims of race-based employment discrimination properly should be asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. However, Mr. Tannehill does not cite or make any reference to Title VII in the Prisoner Complaint. Instead, he has checked the space on the court's preprinted Prisoner Complaint form indicating that he is asserting his claims pursuant to 42 U.S.C. § 1983.

Mr. Tannehill's reference to 42 U.S.C. § 1983 in the Prisoner Complaint creates a potential problem. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Although Mr. Tannehill claims that his federal rights have been violated, he fails to allege facts that demonstrate that Defendants were acting under color of state law. *See NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (noting that the only proper defendants in a § 1983 action are those who represent the state in some capacity). Therefore, it is not clear that Mr. Tannehill can pursue his claims in an action pursuant to § 1983.

For these reasons, it appears that Mr. Tannehill may be asserting his claims in this action pursuant to the wrong statutory authority. Alternatively, if Mr. Tannehill does intend to assert his claims pursuant to § 1983, he fails to allege sufficient facts that demonstrate his claims properly can be raised in a § 1983 action. In either event, Mr.

Tannehill fails to provide a short and plain statement of his claims showing that he is entitled to relief as required pursuant to Rule 8. Therefore, Mr. Tannehill is directed to file an amended complaint that complies with the pleading requirements of Rule 8 in order to clarify his claims if he wishes to pursue those claims in this action.

If Mr. Tannehill asserts his claims pursuant to § 1983 in the amended complaint, he must allege facts that demonstrate the named Defendants were acting under color of state law. If, instead, Mr. Tannehill elects to assert his claims pursuant to Title VII in the amended complaint, he must clarify that he is doing so and he must use the proper court-approved form for a Title VII Complaint. The court will provide to Mr. Tannehill, together with a copy of this order, copies of the court's Title VII Complaint form. Furthermore, if Mr. Tannehill elects to assert his claims pursuant to Title VII, he is advised that he must name his former employer as Defendant because supervisors and other employees may not be held personally liable under Title VII. *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996). Accordingly, it is

ORDERED that Mr. Tannehill shall file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court shall mail to Mr. Tannehill, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that if Mr. Tannehill fails within the time allowed to file an amended complaint that complies with this order the action will be dismissed without

further notice.

DATED April 2, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00352-BNB

Malvern Wyatt Tannehille
2323 Curtis St.
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint form** to the above-named individuals on 4/2/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk