IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00352-BNB

MALVERN WYATT TANNEHILL,

    Plaintiff,

v.

PROTECTO WRAP COMPANY, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 05 2009

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Malvern Wyatt Tannehill, initiated this action while he was incarcerated at the Denver County Jail by filing *pro se* a Prisoner Complaint in which he asserted claims of employment discrimination that arose prior to his incarceration. On April 2, 2009, the court directed Mr. Tannehill to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 1, 2009, Mr. Tannehill filed an amended complaint against his former employer on the court's Title VII Complaint form.

The court must construe the amended complaint liberally because Mr. Tannehill is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Tannehill will be ordered to file a second amended complaint.

The court has reviewed the amended complaint and finds that it still does not comply with the pleading requirements of Rule 8. Mr. Tannehill makes clear in the amended complaint that he is asserting jurisdiction pursuant to Title VII and he indicates that he was terminated from his employment because of his race and sex. However, he fails to provide specific facts in support of his allegations of race and sex discrimination. In fact, Mr. Tannehill does not assert any specific claims at all. Instead, he provides a list of various officers, supervisors, and employees of his former employer and he alleges generally that those individuals violated his rights.

Mr. Tannehill's vague allegations in the amended complaint do not provide a short and plain statement of his employment discrimination claims showing that he is entitled to relief in this action. However, the court will not dismiss this action at this time for failure to comply with the pleading requirements of Rule 8. Instead, Mr. Tannehill will be given one more opportunity to file a pleading that complies with Rule 8. Mr. Tannehill again is advised that his pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, pursuant to Rule 8(d)(1), "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Accordingly, it is

ORDERED that Mr. Tannehill file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Tannehill, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that if Mr. Tannehill fails within the time allowed to file a second amended complaint that complies with this order the action will be dismissed without further notice.

DATED May 5, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00352-BNB

Malvern Wyatt Tannehille
2323 Curtis St.
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint form** to the above-named individuals on 5/5/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk